**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arapaho LLC, | No. CV-23-08582-PCT-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Morgan Joseph Langan, et al., | |
| Defendants. | |

The present case was improperly removed, and the Court lacks subject-matter jurisdiction over it. Accordingly, the Court *sua sponte* remands this case to Yavapai County Superior Court.

As an initial matter, Defendant Morgan Joseph Langan failed to provide this Court with a copy of the operative complaint and all other documents filed with the state court as required by LRCiv 3.6(b). That aside, Defendant has also failed to establish that this Court has subject-matter jurisdiction over the case. *See Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006) ("In cases removed from state court, the removing defendant has 'always' borne the burden of establishing federal jurisdiction.").

Federal courts are courts of limited jurisdiction, possessing subject-matter jurisdiction only over those matters specifically authorized by Congress or the Constitution. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The Court reviews jurisdiction *sua sponte* because it has a duty to confirm that it can hear a case,

1    regardless of whether jurisdiction was raised by the parties. *United Investors Life Ins. Co.*
2    *v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004).

3           Here, Defendant asserts federal question jurisdiction on the basis that his
4    constitutional rights are in jeopardy. (Doc. 1.) But the assertion of a federal defense does
5    not convert a claim into one "arising under" federal law for the purposes of federal question
6    jurisdiction. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009)
7    ("[A] claim arises under federal law 'only when a federal question is presented on the face
8    of the plaintiff's properly pleaded complaint.'") (quoting *Valles v. Ivy Hill Corp.*, 410 F.3d
9    1071, 1075 (9th Cir. 2005)). Nor has Defendant provided the Court with the operative
10   complaint for the Court to even reach whether a federal question can be ascertained from
11   the face of the Plaintiff's well-pleaded complaint. Thus, the Court finds that it lacks federal
12   question jurisdiction under 28 U.S.C. § 1331.

13          The requirements for diversity jurisdiction under 28 U.S.C. § 1332 are also not
14   satisfied. To invoke the Court's diversity jurisdiction, a defendant must show both that he
15   and the Plaintiff are not residents of the same state and that the amount in controversy
16   exceeds $75,000. *See* 28 U.S.C. § 1332. However, even where there is diversity between
17   the parties, a federal court may not exercise jurisdiction where the moving defendant is a
18   resident of the forum state. *See* 28 U.S.C. § 1441(b). Here, Defendant is a resident of
19   Arizona, the forum state. (*See* Doc. 1-1 at 3.) Because he is a forum defendant, Defendant
20   may not remove a state-court action based on diversity jurisdiction. Accordingly,

21          **IT IS ORDERED** that the Clerk of the Court **REMAND** this action back to
22   Yavapai County Superior Court.

23          Dated this 26th day of October, 2023.

24

25

26
                                                    _____
27                                                  Douglas L. Rayes
                                                    United States District Judge
28

- 2 -